# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| MERDELLA HUGHES, § <br> § <br> *Plaintiff,* § <br> § <br> vs. § <br> § <br> CHRYSLER GROUP, LLC. and JOHNSON § <br> CONTROLS, INC., § <br> § <br> *Defendant.* § | Civil Action No. 2:12-cv-124-J |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

To The Honorable Judge of the United States District Court:

COMES NOW Plaintiff **MERDELLA HUGHES**, by and through the undersigned counsel, and for her causes of action against Defendant **CHRYSLER GROUP, LLC** and **JOHNSON CONTROLS, INC.**, for causes of action would show the Court and Jury the following:

1. The causes of action in this Complaint arise from injuries and damages sustained as the direct and proximate result of a latent and dangerous design defect located within the component parts of Chrysler vehicles; specifically, the plastic grab bar or grab handle incorporation into the interior trim panels located on the passenger side pillar of Richard Miller's 2006 Dodge 2500 truck (the "Grab Handle"). The Grab Handle caused Plaintiff **MERDELLA HUGHES** to fall from a 2006 Dodge 2500 truck and suffer serious injuries, including a fractured hip. Plaintiff is now unable to walk without a cane/walker, as a result of injuries sustained in the accident.

2. Plaintiff **MERDELLA HUGHES** suffered physical injuries as a result of the defective Grab Handle and now suffers from permanent hip damage as a result of the Grab Handle unexpectedly

breaking off while she was entering the 2006 Dodge 2500 truck, causing her to fall and hit the ground. Plaintiff **MERDELLA HUGHES** has also incurred significant medical costs and ongoing rehabilitation and treatment as a result of her injuries.

## PARTIES

3.     Plaintiff **MERDELLA HUGHES** ("Mrs. Hughes") is a citizen of the State of Texas and resides in Gray County in the town of Pampa.

4.     Defendant, **CHRYSLER GROUP, LLC**, ("Chrysler") is a limited liability company in the business of automobile design, manufacturing, sale, leasing, distribution and servicing, organized under the laws of Delaware, with its principal place of business in Auburn Milles, Michigan, and authorized to do business in the State of Texas.

5.     Defendant, **JOHNSON CONTROLS INC**, ("Johnson") is a foreign for profit corporation who is a global diversified technology and industrial leader who designs, develops, manufactures and tests products, services and solutions for interior systems of automobiles, organized under the laws of Wisconsin.

## JURISDICTION AND VENUE

6.     The United States District court, Northern District of Texas, Amarillo Division has jurisdiction because Plaintiff was injured in Texas and her causes of action arise from the commission of a tortuous act within the State of Texas.

7.     This Court also has jurisdiction over the Defendants because they are corporations doing business in Texas.

8.     Venue is proper in this Court because the Defendants are authorized to transact business in Texas and are doing business in Potter County, Texas.

**FACTUAL ALLEGATIONS**

9.      On or about July 12, 2011, Plaintiff was attempting to enter Mr. Richard Miller's 2006 Dodge 2500 truck and used the passenger side Grab Handle to assist her. The handle unexpectedly broke off causing Mrs. Hughes to lose her balance and fall onto the pavement striking her hip and other body parts. Mr. Miller purchased the truck "new" in 2006. No modifications, repairs or alterations had been made to the Grab Handle between the sale fo the truck and the accident.

10.     As a result of the Grab Handle breaking off and causing her to fall, Plaintiff suffered permanent injuries including a fractured hip. Plaintiff continues to receive treatment to this day because of the injuries she suffered.

11.     Mrs. Hughes' injuries and damages were the direct and proximate result fo the defective and unreasonably dangerous condition of the defective and dangerous passenger's side Grab Handle of Richard Miller's 2006 Dodge 2500 truck.

12.     As a result fo the injuries suffered by Mrs. Hughes, she has incurred substantial medical and rehabilitation costs, pain and suffering, mental anguish, disfigurement, physical impairment and other damages.

13.     At the time of the sale, Mr. Miller's truck contained a defective and unreasonably dangerous Grab Handle.

14.     Climbing into and out of a truck, or other vehicles that have a high stance compared to the average four-door sedan, can be difficult because of how high they are with respect to the ground.

15.     Vehicle manufacturers, including Defendants Chrysler and Johnson, recognize such difficulty of entering vehicles with high stances and thus design grab handles on the A-piller, B-pillar or similar location, to assist with entry and exit of the vehicle.

16. Indeed, grab handles are designed for the intended purpose of being clutched or grabbed by the users for assistance with entry and exit of the vehicle. In addition, they are designed to help users keep their balance and maintain stability while entering and/or exiting the vehicle.

17. A properly designed and manufactured grab handle must be able to withstand, without breaking or coming loose, the ordinary and anticipated physical forces exerted daily by users of the vehicles.

18. Mr. Miller's truck's Grab Handle was improperly designed by Defendants Chrysler and Johnson because said handle could not withstand the anticipated physical forces exerted by persons using the handle for its intended purpose: to assist entry and exit of the truck.

19. The Grab Handle was unreasonably dangerous and defective when put to its anticipated use in that it unexpectedly broke off while Mrs. Hughes was relying on the Grab Handle for assistance, causing her to lose her balance and hit the concrete pavement below.

20. Defendants knew and fraudulently concealed from Plaintiff the defective Grab Handles in the vehicles it designed and manufactured, including Mr. Miller's truck, and likely to manifest at some future time causing serious injuries.

21. Defendants fraudulently concealed and misrepresented that Mr. Miller's truck was free from defects and took no action to adequately warn or remedy the defects; rather, Defendants have fraudulently concealed, suppressed and failed to disclose that the Grab Handles in Mr. Miller's truck posed serious safety hazards.

22. Defendants did not fully and truthfully disclose to Mr. Miller and/or Plaintiff the nature of the latent design defect, which was not discoverable unless the grab handle broke off or was disassembled.

23. Defendants' course of conduct, including failure to warn despite having actual knowledge of the defect design dating back to 2004, shows an utter indifference to, or conscious disregard for, public safety and constitutes misconduct that is willful and wanton.

24. In fact, Chrysler and Johnson had actual knowledge of the defective Grab Handle design no later than April 2004 because complaint were made by automobile magazines Motor Trend and Truck Trend, as well as numerous customer complains, and yet Defendants Chrysler and Johnson intentionally failed to notify Plaintiff of the serious hazard posed by the Grab Handle.

25. Chrysler has previously been sued for grab handle failures and thus knew of its dangerously defective design and the consequences of its failure to warn of or repair the Grab Handles, long before Mrs. Hughes was injured. Nonetheless, Chrysler continued to conceal its defective nature and continues to fail to warn consumers. (See, *Nichols v. Chrylser et al*, Case No 08 L 380, filed on July 29, 2008, in St. Clair County Circuit Court, State of Illinois, where Plaitniff suffered serious injuries requiring surgical operations after the Dodge Ram grab handle broke off causing her to fall to the ground).

## COUNT 1 - STRICT PRODUCTS LIABILITY

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

27. At the time the truck was designed, manufactured, sold and left Defendants possession and control, the Grab handle at issue was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, including but not limited to the fact that the Grab Handle:

    a. was defectively designed;

    b. was not strong enough to support the weight of someone using the handle to assist with entering and/or exiting the truck;

    c.    was designed, manufactured and sold with inferior plastic parts;

    d.    could not withstand the reasonably anticipated physical forces exerted by persons using the handle for ordinary and regular entry and/or exit fo the truck;

    e.    was not reasonably safe for its intended use, and for any reasonable foreseeable use, because it failed and unexpectedly broke off while being used for its intended purpose; and

    f.    did not undergo adequate testing and/or inspection, of the propensity of the handle to unexpectedly break off or otherwise fail when used by consumers.

28.    At the time the Grab Handle failed, Mrs. Hughes was using the Grab Handle in a manner reasonably anticipated by Defendants Chrysler and Johnson.

29.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Grab Handle when it left Defendants' control, Mrs. Hughes sustained serious injuries, including a fractured hip, when she used the passenger side Grab Handle for its intended purpose and the handle unexpectedly broke off causing her to fall and strike the ground.

30.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Grab Handle, Mrs. Hughes sustained injuries causing her to incur extensive hospital expenses and related medical expenses and will continue to incur additional expenses in the future.

31.    At the time Defendant Chrysler sold the truck, Defendant Chrysler and Johnson knew, or reasonably should have known, of the defective and unreasonably dangerous condition of the Grab Handle.

### COUNT 2 - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

32.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

33.    Defendant Chrysler sold the truck in its ordinary course of business.

34. Mrs. Hughes used the Grab Handle in a manner reasonably anticipated by Defendants Chrysler and Johnson.

35. The Grab Handle was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, including but not limited to the fact that:

    a. Defendants Chrysler and Johnson failed to adequately warn that the Grab Handle was defectively designed;

    b. Defendants Chrysler and Johnson failed to adequately warn that the Grab Handle was defectively designed in that it failed to provide adequate support while being used in a reasonably anticipated manner without knowledge of its characteristics;

    c. Defendants Chrysler and Johnson failed to adequately warn that the Grab Handle was defectively designed in such a way as to be inadequate to withstand the reasonably anticipated physical forces exerted by persons using the handle for its intended use, the ordinary and regular entry and/or exit of the truck;

    d. Defendants Chrysler and Johnson failed to adequately warn that the Grab handle was defectively designed in that it was of insufficient strength to support persons using the handle for regular entry and/or exit of the truck under circumstances reasonably anticipated by the Defendants;

    e. Defendants Chrysler and Johnson failed to adequately warn that the Grab Handle was defective and unreasonably dangerous in that Defendants failed to adequately test and/or inspect the propensity of the handle to unexpectedly break off or otherwise fail when used by consumers;

    f. Defendants Chrysler and Johnson failed to adequately warn that the Grab Handle was defectively designed in that it failed to have an adequate mechanism or other safety device to prevent the handle from unexpectedly breaking when being used for regular entry and/or exit of the truck under circumstances reasonably anticipated by the Defendant;

    g. Defendants Chrysler and Johnson failed to adequately warn that the Grab Handle was defective and unreasonable dangerous in the Defendants utilized outdated, antiquated and inadequate tests to determine the safety and efficacy of the Grab Handle;

    h. Defendants Chrysler and Johnson failed to adequately warn that the Grab Handle was defectively designed in that it had not warning stating the consequences of failure of

    the Grab Handle, or in the alternative, had warnings that failed to comply with industry standards; and

  i. Such further defects as the discovery and evidence will reveal.

36. Said dangerous conditions existed at the time the Grab Handle was designed, manufactured distributed and/or sold by Defendants Chrysler and Johnson, and continued up to and including the time of the occurrence complained of herein.

37. The Grab Handle was being used by Mrs. Hughes on July 12, 20111, in a manner reasonably anticipated by Defendants Chrysler and Johnson. The Grab Handle was thus in a defective and unreasonably dangerous condition when put to it reasonably anticipated use without knowledge of its characteristics.

38. Defendants Chrysler and Johnson have a duty to adequately warn Plaintiff about the dangers of its Grab Handle of which it knew, or, in the exercise of ordinary care, should have known at the time the Grab Handle left Defendants Chrysler and Johnson's control.

39. Defendants Chrysler and Johnson's failure to adequately warn of the defective and unreasonably dangerous condition of the Grab Handle was the direct and proximate cause of the injuries sustained by the Plaintiff.

40. As a direct and proximate result of the aforesaid defects and the truck being sold by Defendant Chrysler without an adequate warning, Plaintiff was injured and incurred reasonable and necessary hospital, medical, surgical, therapeutic care, treatment and rehabilitation, and will continue to undergo same in the future.

41. As a direct and proximate result of the defective and unreasonably dangerous condition of the truck being sold without an adequate warning, Plaintiff sustained severe, permanent and disabling injuries. Plaintiff has suffered and will continue to suffer physical and emotional pain and mental

anguish.

### COUNT 3 - NEGLIGENCE (DEFECTIVE DESIGN)

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

43. At all relevant times herein, Defendants had a duty to design a reasonably safe vehicle including Mr. Miller's truck. Encompassed within that duty is a duty to design a grab Handle that is reasonably safe for its intended use and for any reasonably foreseeable use.

44. Vehicle manufactures and vehicle part manufactures, including Defendants Chrysler and Johnson, recognized the difficulty of entering such elevated vehicles and thus designed grab handles on the a-pillar, b-pillar or similar location to assist with entry and exit of the vehicle it manufactured.

45. Indeed, grab handles are designed for the intended purpose of being clutched or grabbed by the users for assistance with entry and/or exit of the vehicle. Such handles are designed to help users keep their balance and maintain stability while entering and/or exiting the vehicle.

46. Defendants Chrysler and Johnson knew, or should have known, of the defective Grab Handle design at the time the truck left Chrysler's control.

47. The Grab Handle is unreasonably dangerous and defective because it failed to perform in a manner reasonably to be expected in light of its nature and intended function.

48. Defendants Chrysler and Johnson breached their duty to design a reasonably safe vehicle and breached their duty to design a reasonably safe Grab Handle in that said handle was unreasonably dangerous for its intended use and/or reasonably foreseeable use because, among other things, the Grab Handle:

    a.    Was defectively designed;

    b.    Was not strong enough to support the weight of someone using the handle to assist with entering and/or exiting the truck;

    c.    Was designed, manufactured and sold with inferior plastic parts;

    d.    Could not withstand the reasonably anticipated physical forces exerted by persons using the handle for ordinary and regular entry and/or exit of the truck;

    e.    Did not undergo adequate testing and/or inspection of the propensity of the handle to unexpectedly break off or otherwise fail when used by consumers; and

    f.    Did not have any warnings.

49.    Defendants also breached their duty to design a safe product and were negligent based on other acts and/or omissions that will be proven at trial.

50.    As a direct and proximate result of the Defendants' breach of duty, Plaintiff sustained serious injuries including permanent hip damage.

51.    It was reasonably foreseeable that the Grab Handle would fail and cause serious injuries because of the way Defendants Chrysler and Johnson designed the Grab Handle.

### COUNT 4 - NEGLIGENT FAILURE TO WARN

52.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

53.    At the time Mr. Miller purchased the truck and at all relevant times thereafter, the truck was defective and unreasonably dangerous as shown in the preceding allegations.

54.    It was reasonably foreseeable that the Grab Handle would fail and cause serious injuries because of the way Defendants Chrysler and Johnson designed the Grab Handle.

55.    Defendants knew, or reasonably should have known, of the defective nature of their Grab Handle design as early as April 2004 because complaints were made by automobile magazines Motor rend and Truck Trend, as well as thousands of customer complaints.

56. Defendants Chrysler and Johnson failed to warn Mr. Miller of the defective nature of the Grab Handle and its propensity to unexpectedly break while being used for its intended purpose.

57. Defendants had a duty to warn consumers, and foreseeable users including Mr. Miller and Plaintiff, of the dangers associated with using the Grab Handle.

58. Defendants breached their duty and were negligent when they failed to warn Mr. Miller and Plaintiff, even though Chrysler and Johnson knew for years of the defective Grab Handles.

59. Despite Defendants' knowledge of the defective and unreasonably dangerous Grab Handles, Defendants breach their duty and were negligent when they failed to warn Mr. Miller and Plaintiff of the hazard posed by the Grab Handle, both at the time Mr. Miller purchased the truck and for approximately a seven year period leading up to Mrs. Hughes' injury.

60. In fact, Defendants failed to give any warning whatsoever to Mr. Miller or Plaintiff that its grab handles may have a problem, causing them to fail and unexpectedly break off during ordinary and reasonably anticipated use.

61. Having no prior warning by Defendants, on July 12, 2011, Plaintiff was seriously injured when she use the Grab Handle in Mr. Miller's truck for its intended purpose.

62. As a direct and proximate result of the negligent failure to warn of the defective Grab Handle, Plaintiff fell and hit the ground breaking her hip. Plaintiff has incurred extensive hospital expenses and related medical expenses and will continue to incur additional expenses the rest of her life.

### COUNT 5 - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

64. The purchase of the truck with a defective Grab Handle by Mr. Miller from Defendant

Chrysler is governed by the warranty provision of the Uniform Commercial Code, 810 ILCA §5/1-101 *et seq.* ("UCC").

65. Defendant Chrysler is a "merchant" as defined by the UCC.

66. Mr. Miller's truck is a "good" as defined by the UCC.

67. Chrysler's express warranty does not and cannot exclude the Uniform Commercial Code's implied warranty or merchantability.

68. Mr. Miller was provided with an implied warranty of merchantability by the UCC.

69. Pursuant to the provisions of the UCC, Mr. Miller's truck was not "merchantable" because its defective condition did not pass without objection in the trade.

70. Chrysler's implied warrantee to Mr. Miller that the truck was fit and reasonably safe for ordinary use, that it was of merchantable quality, and that it contained no inherently dangerous defects.

71. The truck, at the time it left Chrysler's control, had defect(s) in the Grab Handle and could not withstand the reasonably anticipated physical forces exerted by persons using the handle for ordinary and regular entry and/or exit of the vehicle.

72. This design defect created a hazardous and hidden danger because the Grab Handle unexpectedly broke off when Plaintiff attempted to use the handle to assist her entry into the truck on July 12, 2011, resulting in her falling to the ground and suffering serious physical injury.

73. Defendants knew or should have known, of the aforesaid defects as early as April of 2004, as evidence by the complaint made by automobile magazines Motor Trend and Truck Trend, as well as thousands of customer complaints and numerous lawsuits against Defendant Chrysler, and Defendants continued to have knowledge of the defect and breach of the implied warranty of

merchantability, yet Defendants failed to notify Plaintiff.

74. Defendants fraudulently concealed from Plaintiff the defective nature of the truck's Grab Handle.

75. As a direct and proximate result of the defective truck and Defendants' breach of implied warranty of merchantability, Plaintiff suffered serious physical injury including a fractured hip, substantial medical expenses and other economic damages.

### COUNT 6 - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

76. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

77. The contract for sale entered into by Mr. Miller for the purchase of the truck contains an implied term requiring Defendant Chrysler to adhere to a duty of good faith and fair dealing.

78. Defendant Chrysler breached its duty of good faith and fair dealing by, among other things, failing to notify Mr. Miller of the defective and unreasonably dangerous nature of Dodge truck grab handles, failing to correct and make safe Mr. Miller's Grab Handle, and the resulting injuries and medical expenses incurred by Plaintiff from not doing so.

79. Defendant Chrysler fraudulently concealed from Mr. Miller and Plaintiff the defective and unreasonably dangerous condition of the Grab Handle in Mr. Miller's truck.

80. As a direct and proximate result of Defendant Chrysler's breach of their implied duty of good faith and fair dealing, Plaintiff has suffered physical injury, substantial medical expenses, and other economic damages.

81. Defendant Chrysler's conduct constituted: knowing and intentional, false and misleading misrepresentations; gross negligence; maliciousness; and a conscious disregard for the safety and

welfare of consumers and, in particular the Plaintiff. As such, Plaintiff is entitled to punitive damages for Defendant's willful and wanton conduct.

### PRAYER FOR RELIEF

82. Plaintiff **MERDELLA HUGHES**, seeks to recover the following general and special damages from Defendants Chrysler and Johnson for:

    a.    Pain and suffering in the past and future;

    b.    Disfigurement in the past and future;

    c.    Mental anguish in the past and future;

    d.    Physical impairment in the past and future;

    e.    Medical charges in the past;

    f.    Medical charges in the future;

    g.    Pre-judgment interest;

    h.    Post-judgment interest;

    i.    Punitive damages;

    j.    Court costs;

    k.    Exemplary damages; and

    l.    Attorney's fees.

83. Plaintiff prays for recovery of her costs and reasonable and necessary attorney's fees and any other applicable expenses.

84. Plaintiff prays for pre-judgment and post-judgment interest at the highest rate allowable under the law and hereby requests a trail by jury.

85. Plaintiff prays for all other relief to which she may be justly entitle at law or in equity.

Date: 7/27/2012

Respectfully submitted,

WILL FERGUSON & ASSOCIATES

*/s/Jesse Quackenbush*
JESSE QUACKENBUSH
Texas Bar No. 16421975
10090 Coors Blvd NW Ste A
Albuquerque, NM 87114
Phone:(505)243-5566
Fax: (505)897-2279
*Attorney for Plaintiffs*

I HEREBY CERTIFY that on July 27, 2012, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Chris Pearson    cpearson@germer-austin.com ; acurtin@germer-austin.com

Thomas C. Riney    triney@rineymayfield.com

WILL FERGUSON & ASSOCIATES
*/s/ Jesse Quackenbush*
JESSE QUACKENBUSH